## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **CRAIG CUNNINGHAM,** § | |
| **Plaintiff,** § | |
| § | |
| **v.** § | |
| § | |
| **NATIONAL HEALTH INSURANCE** § | Civil Case No.: _____ |
| **COMPANY** § | |
| **Defendant.** § | |

### Plaintiff's Original Complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person and is resident of Davidson County at all times relevant to the complaint, and currently has a mailing address of 5543 Edmondson Pike, ste 248, Nashville, TN 37211

2. National Health Insurance Company may be served at 2200 Highway 121, Bedford, TX 76021.

### Jurisdiction

3. Jurisdiction of this court arises as the acts happened in this district.

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

5. This Court has personal jurisdiction over Defendant because Defendant conducts significant amounts of business within this District and is headquartered in this District.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts significant amounts of business within this District, because the wrongful conduct was emanated from this District, and because Defendant is headquartered in this District.

## FACTUAL ALLEGATIONS

7. In 2015 and/or 2016, the Plaintiff received one or more phone calls to the Plaintiff's cell phone which connected the Plaintiff to an agent. The Plaintiff received a call at on more than one occasions.

8. The calls started with a pre-recorded message after several seconds of dead air time.

9. When the calls connected to an agent, the Plaintiff was told that he was called by National Health Insurance Company. In every call, the Plaintiff noticed a delay between answering the phone and the call connecting with a live person, which is characteristic of an automated telephone dialing system.

10. This is just one of many harassing calls the Plaintiff has received and as National Health Insurance Company is just content to knowingly call what could be wrong numbers, the Plaintiff is therefore subjected to multiple harassing phone calls.

11. The Defendant also used an automated telephone dialing system to call the Plaintiff's cell phone in violation of the TCPA, 47 USC 227(b) and 47 USC 227(c)(5) as codified under 47 CFR 64.1200(b)

12. The calls violated 47 USC 227(b) as the calls were automated and placed to the

Plaintiff's cell phone without the Plaintiff's consent and without an emergency purpose.

13. The calls violated 47 CFR 64.1200(b) as the artificial or pre-recorded message failed to state at the beginning of the message the identity of the business, individual, or entity that is responsible for initiating the call. In fact, no name was given for the entity placing the call and even the agents only stated who they were calling from after the Plaintiff asked repeatedly.

14. These calls were knowingly and willfully placed and the Defendants had or should have ascertained they were calling the wrong person.

## Actual Damages

15. Plaintiff has suffered actual injury as a result of Defendant's telephone calls, including, but not limited to:

    • Reduced Device storage space;

    • Data usage;

    • Plan usage;

    • Lost time tending to and responding to the unsolicited texts;

    • Invasion of Privacy and loss of concentration

## CAUSE OF ACTION:

## Violations of the Telephone Consumer Protection Act (TCPA)

16. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

17. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing automated calls without the Plaintiff's consent to the Plaintiff's

Cell phone.

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against Defendants

B. Statutory damages of $3000 for each phone call

C. $50,000 in actual damages

D. Pre-judgment interest from the date of the phone calls.

E. Punitive damages for all claims in the amount of $250,000

F. Attorney's fees for bringing this action as incurred; and

G. Costs of bringing this action; and

H. For such other and further relief as the Court may deem just and proper

**Dated:** October 6, 2016

*/s/ Aaron K. Mulvey*_____

Aaron K. Mulvey
**The Law Offices of Aaron K. Mulvey, PLLC**
518 N. Manus Dr.
Dallas, TX 75224
Tel: 214-946-2222
Aaron@MulveyLaw.com